**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 01:40 PM May 5, 2016**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| AUDRA MAE WILSON, | ) | CASE NO. 15-61913 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT** |
| | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |

Now before the court is Audra Mae Wilson's ("Debtor") motion to avoid a second mortgage held by CitiFinancial Servicing LLC ("Creditor") against Debtor's residential real property under 11 U.S.C. §§ 506(a) and 1322(b)(2). Debtor moves to avoid the second mortgage as a wholly unsecured lien and pay the balance owing with the general unsecured creditors. Creditor responded disputing Debtor's valuation and asserting that the lien is fully secured by the value in the real estate. On April 28, 2016, an evidentiary hearing was held on the matter. Debtor was present and represented by Nicole Rohr. Creditor was represented by Edward Cahill and Adam Hall.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B) and (K).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

At the hearing Debtor presented one witness, Timothy Wolfe, a certified appraiser with fifteen years' experience appraising properties in Chapter 13 cases. Mr. Wolfe testified that based on an appraisal he conducted on October 5, 2015, for the Chapter 13 Trustee, Debtor's real property located at 4151 Bay Road SE, Carrollton, OH 44615 ("Real Property"), had a fair market value of $60,000.[1] Mr. Wolfe testified that he conducted the appraisal using the comparable sales approach. Mr. Wolfe testified that the Real Property is a rural manufactured home in need of $25,000 in repairs and the lack of a continuous permanent perimeter wall for the crawl space. Mr. Wolfe's appraisal report, which focused on cash sales, was introduced into evidence listing three comparable properties. The adjusted values of the comparable properties ranged from $49,060 to $70,840. Mr. Wolfe testified that his $60,000 valuation was due in large part to the lack of a continuous permanent perimeter wall, making the Real Property an unlikely candidate for future financing. He stated that it would take $10,000 to build the necessary continuous perimeter wall in order to receive a mortgage under the HUD guidelines as he understood them. The lack of the perimeter wall is the reason Mr. Wolfe focused on cash sales.

Creditor also presented one witness, Michael Shapuite, a certified appraiser with over fifteen years' experience conducting appraisals. On January 27, 2016, Mr. Shapuite conducted an appraisal of the Real Property and determined the fair market value was $88,000. Mr. Shapuite agreed that the comparable sales approach is the best method for determining the value of this property. Mr. Shapuite further testified that the focus of his appraisal was on finding the market price of the Real Property and that the best method for doing so was comparable arm's length sales instead of bank liquidations. In his appraisal report Mr. Shapuite listed six comparable properties within ten miles of the Real Property ranging from $81,724 to $110,952 in adjusted value. Mr. Shapuite focused on finding comparable properties that were manufactured homes, within the same school district, that had been recently sold or were on the market, with approximately the same size home and acreage as the Real Property. Mr. Shapuite testified that so long as the manufactured home was properly secured to the ground it did not need to have a continuous perimeter wall.

A Chapter 13 plan may not modify the rights of a "claim secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2). In Nobleman v. American Savings Bank, the Supreme Court determining the interplay between § 1322(b)(2) and 11 U.S.C. § 506(a), held that an undersecured lienholder's rights are not subject to modification in a Chapter 13 plan. 508 U.S. 324, 332 (1993). Thus, if a second mortgagee's claim has a secured component, being unsecured only in part, the mortgagee's rights cannot be modified. Id. Here, the parties have stipulated to the accuracy of the proof of claim of the first mortgage, which totals $63,910.84. If the value of the property is greater than $63,910.84 then the second mortgage has a secured component and cannot be modified.

The parties agree that the sole issue in this matter is the proper valuation of the Real Property. The determination of the proper valuation turns on the credibility of the appraisers and their valuations. Both experts have years of experience and provided appraisals based on the comparable sale method. The significant difference between the two appraisals was in the type of comparable properties each appraiser considered. Mr. Wolfe's appraisal focused on cash and

---

[1] It is important to note that Mr. Wolfe's appraisal was procured by the Chapter 13 Trustee, rather than someone with an interest in a higher or lower valuation.

2

15-61913-rk    Doc 43    FILED 05/05/16    ENTERED 05/05/16 15:09:22    Page 2 of 4

liquidation sales because of the significant repairs needed to the home. Mr. Shapuite's appraisal, on the other hand, focused on typical arm's length sales and properties currently on the market. The appraisals share one comparable property in common, 6195 Pronto Rd. SE, Amsterdam, OH 43903. Mr. Wolfe valued this property at $70,840, whereas, Mr. Shapuite's adjusted value was $81,724. The difference can be attributed to Mr. Wolfe applying a $10,000 deduction due to the condition of the Real Property. But for that deduction, the appraisals regarding that comparable property are only $884 apart.

Mr. Wolfe's appraisal is correct in noting that the Real Property needs significant repairs. However, a large portion of his valuation was based on a misunderstanding of the HUD guidelines for manufactured homes. A manufactured home must have a permanent foundation that "[e]ncloses a basement of crawl space with a continuous wall (whether bearing or non-bearing) that separates the basement of crawl space from the backfill." U.S. Dep't of Hous. and Urban Dev., HUD-7584, Permanent Foundations Guide for Manufactured Housing, at 100-1(C)(1)(d) (1996). The foundation must be load bearing but the barrier wall need not be, as is specifically indicated by the HUD publication. Mr. Wolfe testified that the Real Property did not have a wall that met this definition. Mr. Wolfe's appraisal report includes numerous pictures of the Real Property including pictures of a plywood wall covering the crawl space. A continuous plywood wall enclosing the crawl space satisfies the HUD guidelines, and is not a reason to discount the value of the property.[2]

On the other hand, Mr. Shapuite's use of comparable properties that were not in the same condition as the Real Property resulted in his valuation being too high. Mr. Wolfe graded the Real Property's condition as average/fair, whereas Mr. Shapuite graded it as average. The lesser condition appears appropriate. Mr. Wolfe's appraisal also provides a more accurate evaluation of the comparable properties relative condition. Mr. Shapuite considered properties whose condition appeared clearly superior to the Real Property. Mr. Wolfe's appraisal was the more credible of the two valuations but the court cannot include the additional approximately $10,000 he discounted due to the lack of a continuous perimeter wall, limiting the pool of potential purchasers to cash buyers. Therefore, a valuation of $70,840 would be the most accurate. This amount considers only the portions of Mr. Wolfe's testimony that are accurate. There is no credible testimony that the property required a further deduction for only cash sale buyers if the perimeter wall does not need replacing in order to secure a loan. A $70,840 valuation is the adjusted value Mr. Wolfe gave to the only comparable property both appraisers considered.[3] Accordingly, the proper valuation of the Real Property is $70,840.

The value of Debtor's Real Property is $70,840.00. Because the value of the Real

---

[2] The court could not help but think that Mr. Wolfe truly believes that the property is worth $60,000 based upon his knowledge and the market of available and willing purchasers of property in poor condition. Testimony to that affect would have been compelling. Instead, Mr. Wolfe was caught up in the appraisal game, trying to justify a valuation based on fixed criteria and nothing else. This is the way banks paper files, but is not necessarily the best way of figuring out what a property is truly worth. This led to the perimeter wall issue, which appeared to be an attempt to justify what he thought the value truly was. The problem is that the described perimeter wall issue is not as presented by Mr. Wolfe's testimony.

[3] This value included a $10,000 deduction for the condition of the property, but not a further deduction for the perimeter wall.

Property is greater than the claim for the first mortgage CitiFinancial Servicing's second mortgage lien is secured in part and cannot be avoided. Accordingly, Debtor's motion to avoid lien is **DENIED**. An order will be entered simultaneously with this opinion.

It is so ordered.

#   #   #

**Service List**:

**Audra Mae Wilson**
4151 Bay Road SE
Carrollton, OH 44615

**Nicole L. Rohr**
Thrush & Rohr LLC
4410 22nd Street NW

**Toby L Rosen, Trustee**
400 W Tuscarawas Street
Citizens Bank Bldg, 4th Floor
Canton, OH 44702

**CitiFinancial Servicing LLC**
c/o Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216

4